## EXTENT OF A MASTER'S DUTY IN FURNISHING A SAFE PLACE TO WORK.

Circuit Court of Cuyahoga County.

THE MARBLE & SHATTUCK CHAIR COMPANY v. STANISLAV MONDRZECKI.

Decided, December 16, 1911.

*Negligence—Duty of Employer as to Furnishing Safe Place to Work—Contributory and Comparative Negligence—Charge.*

1. It is the duty of an employer to exercise ordinary care for his employe's safety, but this duty is not absolutely and at all events to provide a safe or a reasonably safe place to work and safe or reasonably safe instrumentalities, but only to exercise ordinary care so to do.
2. It is error to charge in a personal injury case that the plaintiff is entitled to recover if he has proved all his allegations of negligence against the defendant, without reference to the defense of contributory negligence and without qualification as to comparative negligence.

*Reed, Russell & Eichelberger*, for plaintiff.
*H. G. Powell*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The judgment in this case must be reversed for error in the charge.

At page 185 of the bill of exceptions, the court said:

"It was the duty of the defendant company, the employer, to furnish its employe, the plaintiff, with a reasonably safe place and reasonably safe instrumentalities to protect himself from such dangers in the performance of his work as in the exercise of ordinary care can be provided against."

It is the duty of the employer, as well as of the employe, to exercise ordinary care for the employe's safety, but as often said, the duty of the employer is not absolutely and at all events to provide a safe or a reasonably safe place, and safe or reasonably safe instrumentalities, but only to exercise ordinary care so to do. The error is repeated and emphasized at page 190.

At page 188 the court said:

"So, gentlemen, of the jury, if you believe from the proof that the plaintiff has maintained, by a preponderance of the evidence, his claim that the machine or appliance furnished to him, and his instructions with regard thereto, constituted want of care or negligence on the part of the defendant, then the plaintiff is entitled to recover."

This broad statement is, of course, untrue. It might well be that contributory negligence on the part of the employe would prevent recovery.

At page 188, again, the court said:

"If you find that the defendant was negligent, as charged by plaintiff, in the respects charged in the petition, and you also find that the plaintiff was guilty of negligence in the respects charged by the defendant, then I say to you, the plaintiff may still recover."

While this is literally true under the Norris act, where the employe's negligence is slight and that of his employer is gross in comparison therewith, it is not true as a general proposition, and should therefore have been strictly qualified. The qualification made by the court is not such as to prevent the instruction above quoted from being misleading.

At pages 192 and 193 the court charges the jury on the subject of damages, without cautioning them concerning the diminution of damages provided for by the Norris act in case the verdict is given thereunder for the plaintiff notwithstanding the latter's contributory negligence. It is true that the court, earlier in the charge, had read this provision of the Norris act, but he failed to clearly couple the extract thus read with the general and unqualified instructions in regard to the measure of damages found on the pages last above indicated.

For the errors thus pointed out, and because the charge is misleading, the judgment is reversed.